IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>[2] JUAN CARLOS ORTIZ-FIGUEROA<br><br>Defendant. | CRIM. NO.: 13-232 (SCC) |

**OPINION AND ORDER**

Pending before the Court is Defendant Juan Carlos Ortiz-Figueroa's ("Defendant Ortiz-Figueroa") *pro se* request to serve the remainder of his sentence in home confinement. *See* Docket No. 117. The Government filed a response to the same. *See* Docket No. 126. For the reasons set for the below, Defendant Ortiz-Figueroa's request is **DENIED WITHOUT PREJUDICE.**

On April 2, 2014, Defendant Ortiz-Figueroa pleaded guilty[1] to one count of aiding and abetting a carjacking, in

---

[1] The guilty plea was accepted by the Court on April 28, 2014. *See* Docket No. 56.

violation of 18 U.S.C. § 2119(1) and (2) ("Count I"), and aiding and abetting in the use of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2) ("Count II"). *See* Docket Nos. 51, 53 and 54. On August 12, 2014, the Court sentenced Defendant Ortiz-Figueroa to thirty (30) months of imprisonment as to Count I and eighty four (84) months of imprisonment as to Count II, to be served consecutively with each other for a total term of imprisonment of one hundred and fourteen (114) months. *See* Docket Nos. 74 and 75.

In his request, Defendant Ortiz-Figueroa moves the Court to make him eligible to serve the remainder of his sentence in home confinement. *See* Docket No. 117. Defendant Ortiz-Figueroa alleges that, by the time that he filed his request, he had already spent over six (6) months in the special housing unit ("SHU") at Fort Worth Medical Center and would have to serve the remainder of his sentence there even though he was supposedly scheduled to be transferred to Butner FCI and placed in home confinement by June 2021. *Id.* Defendant

Ortiz-Figueroa further contends that, after allegedly being informed that he would serve the remainder of his sentence in the SHU, he was placed on suicide watch. *Id.*

In its response, the Government avers that, at some point in February 2021, Defendant Ortiz-Figueroa was transferred from Fort Worth Medical Center to Williamsburg FCI.[2] Docket No. 126. Upon arriving at Williamsburg FCI, he was placed in quarantine, in light of the COVID-19 pandemic, but was set to join the general population of the correctional facility by mid-March 2021. *Id.* The Government also notes that, once Defendant Ortiz-Figueroa was released to the general population of the correctional facility, he would undergo a twofold evaluation concerning his mental health and his placement to a halfway house where he could serve the remainder of his sentence. *Id.* However, the Government stresses that, ultimately, the halfway house to which he could be eligible to be placed in has the final word on whether he is

---

[2] The Government highlights that inmates who suffer from medical conditions and cannot be placed in Butner FCI due to lack of space are therefore placed in Williamsburg FCI. *See* Docket No. 126.

U.S.A. v. ORTIZ-FIGUEROA                                                              Page 4

admitted to stay there and as to the duration of his stay. *Id.* The Government also indicates that the record is devoid of any mention regarding Defendant Ortiz-Figueroa's alleged transfer to home confinement by June 2021. *Id.* Lastly, it requests that the Court deny as moot Defendant Ortiz-Figueroa's request in view of the medical treatment he was scheduled to receive and because he was no longer in the SHU. *Id.*

The Court finds that Defendant Ortiz-Figueroa's request at Docket No. 117 is misplaced. The reason being that, the same boils down to a request for this Court to order the Bureau of Prisons ("BOP") to place him in home confinement, but while the Court may recommend that an offender be placed in a particular facility or program, the BOP is the entity responsible for determining where an offender is placed. *Tapia v. United States*, 564 U.S. 319, 331 (2011) (stating that "[a] sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."). Albeit the Court's

ability to issue such a recommendation to the BOP, Defendant Ortiz-Figueroa's request is anchored to his understanding that he would serve the remainder of his sentence in the SHU at Fort Worth Medical Center. However, as the Government informs in its response and the BOP website reveals, he is no longer there.[3] Moreover, Defendant Ortiz-Figueroa's request does not articulate a substantive argument or provide supporting documents that would propel this Court to issue a recommendation for him to be placed in home confinement at this juncture.

Although the Court hereby denies without prejudice the request at Docket No. 117, in order to have a clear record regarding Defendant Ortiz-Figueroa's placement, it directs the United States Probation Office ("USPO") to, on or before **June 18, 2021**, inform the Court: (1) Defendant Ortiz-Figueroa's projected release date; (2) whether Defendant Ortiz-Figueroa has received the mental health evaluation that

---

[3] The BOP website shows that Defendant Ortiz-Figueroa is currently imprisoned at Williamsburg FCI. *See Find an Inmate,* FED. BUREAU PRISONS, https://www.bop.gov/inmateloc/ (last accessed May 27, 2021).

U.S.A. v. ORTIZ-FIGUEROA                                                                                                     Page 6

the Government indicated he would receive; (3) whether Defendant Ortiz-Figueroa has been accepted and placed in a halfway hr beouse; and (4) if Defendant Ortiz-Figueroa has not been accepted and placed in a halfway house, whether he is in the SHU at Williamsburg FCI or in general population.

In light of the above, Defendant Ortiz-Figueroa's request at Docket No. 117 is **DENIED WITHOUT PREJUDICE.** The USPO must comply with this Court's directive on or before **June 18, 2021.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 1st day of June, 2021.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE